# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-00088-COA

**LORENZO HULL**                                                      **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                              **APPELLEE**

DATE OF JUDGMENT:              12/22/2021
TRIAL JUDGE:                   HON. TONI DEMETRESSE TERRETT
COURT FROM WHICH APPEALED:     WARREN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        LORENZO HULL (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: CASEY BONNER FARMER
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                   AFFIRMED - 02/14/2023
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., WESTBROOKS AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     An inmate convicted of depraved-heart murder petitioned for post-conviction relief, claiming he was subject to an ex-post facto sentence. Finding no error on appeal, we affirm.

## BACKGROUND

¶2.     Seven years ago, this Court affirmed Lorenzo Hull's conviction of the 2011 murder of his girlfriend, Angela Andrews. *Hull v. State*, 174 So. 3d 887, 891, 902 (¶49) (Miss. Ct. App. 2015). Hull's indictment had set out two prior convictions of drug-related charges, but we vacated and remanded his habitual-offender sentence because "the State did not introduce these documents into evidence or make them a part of the record." *Id*. at 900 (¶42).

¶3.     On remand, there was a hearing. Hull was re-sentenced as a non-habitual offender.

| BY THE COURT: | . . . I therefore thereby sentence you to thirty-five (35) years in the Mississippi Department of Corrections with parole. |
| --- | --- |
| . . . . | |
| BY MR. SMITH: | Your Honor, and we would object to that. The nature of the crime does not provide that he receives parole. So, we would object to any mention of the eligibility of parole in the order. |

¶4.    Neither Hull nor his attorney objected during the re-sentencing hearing.

¶5.    The re-sentencing order from April 2015 reflected that Hull was sentenced to serve thirty-five years for the crime of depraved-heart murder.

¶6.    In 2020, Hull sought permission from the Mississippi Supreme Court to challenge his sentence via petition for post-conviction relief. A panel of the Supreme Court found that "[n]o appeal of the second sentence was filed" and concluded, "Hull has not had a direct appeal of his current sentence." Therefore the panel determined that "any petition for post-conviction relief should be filed in the trial court." This order was entered on January 6, 2021.

¶7.    In October 2021, Hull filed a petition in the circuit court for post-conviction relief. He claimed he should not have been re-sentenced to thirty-five years, but instead subjected to a law that allowed parole eligibility for people convicted of nonviolent crimes. He also claimed his attorney had been ineffective during his re-sentencing phase. Mixed in with these claims was an argument that a document erroneously stating he had pleaded guilty prejudiced him and that he had been wrongfully denied a copy of his re-sentencing transcript.

¶8.    The trial court did not rule on the PCR petition, and Hull filed a petition for writ of

mandamus with the Supreme Court. The Mississippi Supreme Court directed the trial court to respond. In lieu of responding, the trial court ruled on the pending PCR petition. The trial court held that Hull was convicted of depraved-heart murder and then cited state law that forbids parole eligibility for first- or second-degree murder. The trial court held it was "not aware of any relief available to the Petitioner." The court then concluded, "The underlying motion is hereby DISMISSED."

¶9. After finding that the trial court had ruled on the PCR petition, the Supreme Court found Hull's request for a writ of mandamus was moot. Hull appealed from the trial court's order, and the Supreme Court assigned the case to us.

**DISCUSSION**

**I.      Hull was properly sentenced by the trial court.**

¶10. Hull contends the trial court should have granted his PCR petition and not denied his claims.[1] Specifically, he argues that had the trial court re-sentenced him under the statute at the time of his crime, he would have been eligible for early release or parole. As a result, he claims he has been subject to an ex post facto law.

¶11. "When reviewing a trial court's denial or dismissal of a PCR [petition], we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the

---

[1] "The circuit court's judgment provided that the court 'dismissed' [Hull's] PCR petition." *Booker v. State*, 324 So. 3d 322, 323 n.1 (Miss. Ct. App. 2021). However, as we concluded in that case, the proper disposition was that Hull's petition was *denied*, not *dismissed*. "In a 'dismissal,' the court finally dispos[es] of an action, suit, motion, etc. without reaching the merits and without trial of the issues involved." *Id*. "Because the circuit court here reviewed and reached a finding on the merits of [Hull's] claims, we conclude the court actually denied [Hull's] PCR petition." *Id*. "We therefore refer to the final disposition of [Hull's] PCR petition as a 'denial' rather than a 'dismissal.'" *Id*.

3

trial court's legal conclusions under a de novo standard of review." *Roberts v. State*, 346 So. 3d 929, 932 (¶8) (Miss. Ct. App. 2022). "This Court reviews the dismissal of a PCR petition for an abuse of discretion." *Id*.

¶12.    At the time of Hull's crime in 2011, Mississippi Code Annotated section 47-7-3 stated, "No person shall be eligible for parole who is convicted . . . except that an offender convicted of only nonviolent crimes after June 30, 1995, may be eligible for parole. . . . For purposes of this paragraph, 'nonviolent crime' means a felony other than homicide[.]" Miss. Code Ann. § 47-7-3 (Rev. 2011). Since Hull was convicted of depraved heart murder, a violent crime, he was not eligible for relief under this statute. And in 2015 when Hull was re-sentenced, Mississippi Code Annotated section 47-3-2 (Rev. 2015) continued excluding those convicted of homicide from parole eligibility.

¶13.    Hull then cites Mississippi Code Annotated section 47-5-138 (Rev. 2005), governing earned-time release, in support of his claim that he is eligible for some other form of relief from his sentence. However, the applicable statute regarding the eligibility for parole is Mississippi Code Annotated section 47-7-3. And at the time of Hull's offense in December 2011, this statute expressly stated that homicide did not fall within the definition of "nonviolent crime." Miss. Code Ann. § 47-7-3 (Rev. 2011).

¶14.    As the State correctly argues, "Hull was not eligible for early release or parole at the time of his crime," so the trial court correctly denied relief.[2]

---

[2] To some extent, Hull argues a "falsified document" is in his file, which reflects that he plead guilty to depraved-heart murder at his re-sentencing. He argues this document then has impacted MDOC to deny him parole or early release. However, as set out above, Hull is ineligible for parole and early release because he was convicted of depraved-heart murder,

4

## II.  Hull was not denied effective assistance of counsel.

¶15.   Hull next argues his trial counsel was ineffective.  Specifically, he argues that during his re-sentencing, his trial counsel did not object to the prosecution's statement that he was ineligible for parole.

¶16.   As Hull's claim that he was eligible for parole under section 47-7-3 fails, so does his claim of ineffective assistance of counsel.  Section 47-7-3 clearly stated those convicted of culpable homicide are not eligible for parole.  The State's objection was proper pursuant to this law.  Therefore, Hull's defense was not prejudiced by his trial counsel's decision not to object to the prosecution's statement regarding his parole eligibility.

## III.  Hull's motion to receive a copy of his record and transcript is moot.

¶17.   Hull also argues his rights were violated because the trial court failed to provide him with a copy of the sentencing transcript.  Because the transcript was not in the record, the State motioned to supplement the record, stating that "the aforementioned documents are necessary to evaluate Hull's claims and resolve the issues in his appeal."  A panel of this Court agreed, and the transcript was prepared and filed.  A copy of the supplemental record was sent to Hull at the same time.  Therefore this issue is moot.

## CONCLUSION

¶18.   Because Hull was convicted of culpable homicide, the trial court properly determined he was ineligible for parole.  His claim of ineffective assistance of counsel fails because he was properly sentenced by the trial court.   Finally, Hull's motion for the record is moot

---

which is excluded from the classification of "nonviolent crime."

5

because he was sent a supplemental copy by the Court.

¶19. **AFFIRMED.**

    **BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR.**